Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

Jacksonville Division

|  |  |
|---|---|
| Victoria Mobley | ) Case No. 3:23-CV-516-MMH-MCR |
| _____ | ) *(to be filled in by the Clerk's Office)* |
| *Plaintiff(s)* | ) |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) |
| **-v-** | ) |
|  | ) |
|  | ) |
|  | ) |
| Jewish Family and Community Services | ) |
| _____ | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) |

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA
2023 MAY 17 PM 3: 56
FILED

## AMENDED    COMPLAINT AND REQUEST FOR INJUNCTION

## I.    The Parties to This Complaint

### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Victoria Mobley |
| Street Address | 1655 West 34th Street |
| City and County | Jacksonville and Duval |
| State and Zip Code | Florida and 32209 |
| Telephone Number | 904-874-0134 |
| E-mail Address | asaint2025@gmail.com |

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | Jewish Family and Community Services |
| Job or Title *(if known)* | Chief Executive Officer of Jewish Family & Community Services |
| Street Address | 8540 Baycenter Road |
| City and County | Jacksonville & Duval |
| State and Zip Code | Florida & 32256 |
| Telephone Number | 904-394-5752 |
| E-mail Address *(if known)* | crodriguez@jfcsjax.org |

Defendant No. 2

| | |
|---|---|
| Name | Margaret Murray |
| Job or Title *(if known)* | Supervisor |
| Street Address | 8540 Baycenter Road |
| City and County | Jacksonville & Duval |
| State and Zip Code | Florida & 32256 |
| Telephone Number | 904-582-4016 |
| E-mail Address *(if known)* | mmurray@jfcsjax.org |

Defendant No. 3

| | |
|---|---|
| Name | Deidre Johnson |
| Job or Title *(if known)* | Counselor |
| Street Address | 8540 Baycenter Road |
| City and County | Jacksonville & Duval |
| State and Zip Code | Florida & 32256 |
| Telephone Number | 904-759-1293 |
| E-mail Address *(if known)* | djohnson@jfcsjax.org |

Defendant No. 4

| | |
|---|---|
| Name | Aneisha Randall |
| Job or Title *(if known)* | Former Case Manager |
| Street Address | 8540 Baycenter Road |
| City and County | Jacksonville & Duval |
| State and Zip Code | Florida & 32256 |
| Telephone Number | 904-759-8097 |

# ATTACHED ADDITIONAL PAGE

# DEFENDANT LIST

**Defendant No. 5** Lauren Obel
Family Services Counselor Supervisor
6261 Dupont Station Court
Jacksonville & Duval County
Florida 32217
phone #904-448-1933
lobel@jfcsjax.org

**Defendant No. 6** Sandra K. Watson
Senior Family Services Counselor
6261 Dupont Station Court
Jacksonville & Duval County
Florida 32217
phone #904-448-1933
swatson@jfcsjax.org

**Defendant No. 7** Janell Knight
Supervisor
8540 Baycenter Road
Jacksonville & Duval County
Florida 32256
**home address** 2519 March Hare Lane
Jacksonville, Florida 32210-3626

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

E-mail Address *(if known)*     arandall@jfcsjax.org

## II.     Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case. In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

☒ Federal question                    ☐ Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.     If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

Florida Statute 61.13(6)
Fourteenth Amendment S1 3 to the United States Constitution
18 United States Code 1201
46 United States Code 58104
41 United States Code 6503
38 United States Code 7316
18 United States Code 1505
Privacy Act of 1974
First Amendment 9.2 to the United States Constitution
Health Insurance Portability Accountability Act of 1996

### B.     If the Basis for Jurisdiction Is Diversity of Citizenship

1.     The Plaintiff(s)

a.     If the plaintiff is an individual
The plaintiff, *(name)* NA                                    , is a citizen of the
State of *(name)* NA                              .

b.     If the plaintiff is a corporation
The plaintiff, *(name)* NA                                    , is incorporated
under the laws of the State of *(name)* NA                              ,
and has its principal place of business in the State of *(name)*
NA                              .

Pro Se 2 (Rev. 12/16) Complaint and Request for Injunction

_(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)_

2.    The Defendant(s)

    a.    If the defendant is an individual

        The defendant, _(name)_   NA            , is a citizen of

        the State of _(name)_   NA           . Or is a citizen of

        _(foreign nation)_   NA               .

    b.    If the defendant is a corporation

        The defendant, _(name)_   NA          , is incorporated under

        the laws of the State of _(name)_   NA         , and has its

        principal place of business in the State of _(name)_   NA        .

        Or is incorporated under the laws of _(foreign nation)_   NA       ,

        and has its principal place of business in _(name)_   NA       .

_(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)_

3.    The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because _(explain)_:

NA

## III.    Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the injunction or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

The events occurred in Duval County, Jacksonville, Florida, Fourth Circuit Juvenile Dependency Court, and Plaintiff's dependency case.

B.    What date and approximate time did the events giving rise to your claim(s) occur?

Defendant #5 & Defendant #6 became involved with Plaintiff's case during February 2021 or March 2021 after the Department of Children and Families reduced the case's threat or danger level. Defendant #1, Defendant #2, Defendant #3, Defendant #4, and Defendant #7 became involved in Plaintiff's juvenile dependency case shortly after April 26, 2022 in which Plaintiff's minor son was illegally removed from Plaintiff's custody. Then Children's Legal Services and Child Protective Services petitioned Judge Cooper to authorize the illegal, unprocedural kidnapping by means of a counterfeit dependency shelter petition. This case has been ongoing from April 26, 2022 to May 16, 2023.

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

Plaintiff has requested relief from Defendant #7's stalking and harassment within the visitation center a number of times and awaits approval. Plaintiff drafted and signed a factual statement that described Defendant #7's offensive activity towards Plaintiff and Plaintiff's minor son.
Defendant #1 is currently being investigated by the Federal Bureau of Investigation for human trafficking. Defendant #6 has been reported to the Office of Civil Rights for breaching Plaintiff's federally protected rights to confidentiality as well as coercing Plaintiff into believing that the only way to achieve reunification as well as to be interpreted as being compliant with her case plan was to divulge her full therapy session records for review. Defendant #5 was reported to the Department of Justice for refusing to provide accomodations to a Spanish-speaking safety monitor, and discriminated against such safety monitor within the first discovery report of the Plaintiff's dependency case. The discovery report was invalidated. Defendant #2 and Defendant #3 retaliated against Plaintiff by denying Plaintiff her rights to visitation with her minor child without a contract-supported reason shortly after being served with a federal complaint in February 2023. Plaintiff has contacted Jacksonville Sheriff's Office and the Jacksonville Federal Bureau of Investigation. They--Defendant #2 & Defendant #3-- have also shown conduct that has breached company contract multiple times. Defendant #2 generated false statements within the official proceedings of Plaintiff's dependency case, planning to keep Plaintiff permanently separated from her minor child to sell him to the wealthiest family, not safest one nor the most natural one. That is human trafficking, having no regard for Plaintiff's character, abilities, skills, and experiences that have prepared her to be an excellent parent. Plaintiff has a statutory right to access of her minor child's health care in a manner that she sees fit, and on a number of instances Defendant #2 has denied that as well as demonstrated defiant incompetence as a Health Human Services Provider. Defendant #5 physically kidnapped Plaintiff's minor son.

IV.   **Irreparable Injury**

Explain why monetary damages at a later time would not adequately compensate you for the injuries you sustained, are sustaining, or will sustain as a result of the events described above, or why such compensation could not be measured.

Monetary damages paid at a later time cannot make up for the quality of life that Plaintiff was illegally deprived of as a parent. Those damages paid at a later time cannot make up for the role that Jewish Family and Community Services, Jacksonville Sheriff's Office, and the Department of Children and Families played in returning minor, toddler child back to the home in which he was being raped, molested, and drugged repeatedly. He was left with household members who had minimal or no training at all in chil care. It does not compensate for the seconds, minutes, hours, days, weeks, months, and years Plaintiff lost with her minor son. It does not reimburse the permanent, emotional, psychological damage, imprint, and scarring left on Plaintiff's minor son's mind and body. He will never be the same again thanks to the part that DCF, JSO, and JFCS played in returning him back to the abusive household situation in which drug consumption, drug trafficking, and human trafficking were taking place. It will not satisfy the debt created by the criminal facilitation to the reckless endangerment of Plaintiff's son, the way his brain was affected, the counterfeit dependency shelter order, the forged signature, the emotional injury Plaintiff incurred as the above agencies breached confidetiality, infringing about Plaintiff's right to dignity, the underaged prostitution of Plaintiff's minor son among the household members et cetera. A later pay off does not make up for that.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

Dismiss the juvenile dependency case, involving Plaintiff with prejudice. Dismiss the dependency shelter order, involving Plaintiff with prejudice. Nullify it and void it immediately. Motion for the warrants of each defendant involved in the kidnapping and obstruction of justice. Immediately return minor child back to Plaintiff's custody. Never allow another case, involving adverse action from social services of any kind against Plaintiff and Plaintiff's minor son to ever be tried, heard and/or approved of ever again. Freeze all the financial assets of Jewish Family and Community Services until $500,000.00 has been paid in full to Plaintiff for damages and stressed caused. Compel JFCS to pay all court costs to the court. Approve of and order all Defendants as well as direct and indirect associates of the defendants to have no contact and no violence with Plaintiff and Plaintiff's minor son as well as third parties to Plaintiff and Plaintiff's minor son. Forbid all the defendants and third parties to them from coming within 500 feet of Plaintiff's son, Plaintiff's residence, and Plaintiff's property at all times. Make this order valid indefinitely until further notice. Failure to comply with this injunction should result in charges being filed and arrest warrants being issued.

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:        05/17/2023

Signature of Plaintiff

Printed Name of Plaintiff        Victoria Mobley

### B.    For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address