UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VICTORIA MOBLEY,

       Plaintiff,

v.                             CASE NO. 3:23-cv-516-MMH-MCR

JEWISH FAMILY AND COMMUNITY
SERVICES, et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) ("Application") (Doc. 2), and Amended Complaint (Doc. 8.)  For the reasons stated herein, the undersigned **RECOMMENDS** that the Application be **DENIED** and the case be **DISMISSED**.

### I.    Background

On May 2, 2023, Plaintiff filed her notarized Application, seeking leave

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations."  Fed.R.Civ.P. 72(b)(2).  "A party may respond to another party's objections within 14 days after being served with a copy."  *Id.*  A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made.  *See* Fed.R.Civ.P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

to proceed without prepaying fees or costs.  (Doc.  2.)  On May 17, 2023, Plaintiff filed her initial Complaint.  (Doc. 3.)  The Complaint purported to allege violations of numerous federal and state statutes and regulations.  In addition, the Complaint asked the Court *inter alia* to (1) dismiss a juvenile dependency case involving the Plaintiff and her child; (2) immediately return the minor child back to Plaintiff's custody, and (3) never allow another case, involving adverse action from social services of any kind against Plaintiff and Plaintiff's minor son.  (*Id.* at 7.)

On June 8, 2023, the Court entered an Order, taking the Application under advisement and directing Plaintiff to file an amended complaint on or before June 28, 2023.  (Doc. 6.)  The Court explained:

> Even when construed liberally, Plaintiff's Complaint fails to state a claim on which relief may be granted. While Plaintiff raises some vague allegations, it is unclear how the facts alleged support a legitimate basis for federal subject matter jurisdiction. On this basis, it is unclear whether such claims can even be redressed by this Court.

(*Id.* at 6.)  Plaintiff was warned that "[f]ailure to comply with th[e] Order may result in a recommendation to the District Judge that this action be dismissed without further notice for lack of subject matter jurisdiction, failure to state a claim on which relief may be granted, and/or lack of prosecution."  (*Id.* at 10 (emphasis omitted).)  On June 29, 2023, Plaintiff filed her amended complaint.  (Doc. 8.)

2

## II.    Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the court may allow a plaintiff to proceed without prepayment of fees or costs where the plaintiff has demonstrated through the filing of an affidavit that he is "unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Even assuming that the application sufficiently demonstrates the plaintiff meets the financial criteria to proceed *in forma pauperis*, when such an application is filed, the court is also obligated to review the case and dismiss the action if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

In addition, the court must dismiss the action *sua sponte* if it "determines at any time that it lacks subject-matter jurisdiction." Fed.R.Civ.P. 12(h)(3); *see also Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 470 (11th Cir. 2013) (per curiam) (same); *Walker v. Sun Trust Bank of Thomasville, GA*, 363 F. App'x 11, 15 (11th Cir. 2010) (per curiam) ("[A] district court may *sua sponte* consider whether it has subject matter jurisdiction over a plaintiff's claims.").

> Subject matter jurisdiction in a federal court may be based upon federal question jurisdiction or diversity jurisdiction.  28 U.S.C. §§ 1331, 1332.  Diversity jurisdiction exists where the plaintiffs and defendants are citizens of different states, and the amount in controversy exceeds $75,000.  . . .  Absent diversity of citizenship,

> a plaintiff must present a substantial federal question in order to
> invoke the district court's jurisdiction.

*Walker*, 363 F. App'x at 15 (internal quotation marks omitted).  "[E]ven a claim that arises under federal law may be dismissed for lack of subject matter jurisdiction if (1) the claim clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction, or (2) the claim is wholly insubstantial and frivolous."  *Blankenship*, 551 F. App'x at 470 (internal quotation marks omitted).  A claim is wholly insubstantial and frivolous if it "has no plausible foundation, or if the court concludes that a prior Supreme Court decision clearly forecloses the claim."  *Id.* at 470-71 (internal quotation marks omitted).

"The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and therefore, courts apply the same standard in both contexts.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).  An action fails to state a claim on which relief may be granted if it fails to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  *Harper v. Lawrence Cnty., Ala.*, 592 F.3d 1227 (11th Cir. 2010) (citing Fed.R.Civ.P. 8(a)(2), 12(b)(6)).  To show entitlement to relief, a plaintiff must include a short and plain statement of facts in support of his claims.  Fed.R.Civ.P. 8(a).  This statement of facts must show the plausibility of plaintiff's claim.  *Ashcroft v. Iqbal*, 556 U.S.

662, 678-79 (2009).  "[L]abels and conclusions" are not enough to satisfy the "plausibility" standard.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A complaint filed *in forma pauperis*, which fails to state a claim under Fed.R.Civ.P. 12(b)(6), is not automatically frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 328 (1989).  "A claim is frivolous if it is without arguable merit either in law or fact."  *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citing *Battle v. Cent. State Hosp.*, 898 F.2d 126, 129 (11th Cir. 1990)), *cert. denied*, 534 U.S. 1044 (2001).  Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," *id.* at 327, or when the claims rely on factual allegations which are "clearly baseless."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  Additionally, a claim may be dismissed as frivolous when it appears that a plaintiff has little or no chance of success.  *Bilal*, 251 F.3d at 1349.

Finally, the pleadings of *pro se* litigants must be construed liberally and "are held to less stringent standards than formal pleadings drafted by lawyers."  *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curium); *see also Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam) (stating that pleadings submitted by *pro se* parties "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed").  Further, courts should not dismiss a complaint for

5

failure to state a claim, pursuant to Section 1915(e)(2)(B)(ii), "without allowing leave to amend when required by Fed.R.Civ.P. 15." *Troville v. Venz*, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002); *see also Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) ("Certainly, the court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."). Courts are under no duty, however, to "re-write" a plaintiff's complaint to find a claim. *Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

## III.  Analysis

Despite the Court's guidance in the June 8th Order, Plaintiff has not been able to cure the deficiencies in the previous complaint. Even when construed liberally, Plaintiff's Amended Complaint fails to adequately allege a basis for this Court's jurisdiction. The Amended Complaint includes an additional list for the basis of jurisdiction:

> First Amendment 9.2 to the United States Constitution; Florida Statute 61.13(6); Fourteenth Amendment S1 3 to the United States Constitution; 8 United States Code 1324 c; 18 United States Code 1201; 18 United States Code 1505; 18 United States Code 1621; 18 United States Code 1960; 25 Code of Federal Regulation 11.405; 38 United States Code 7316; 41 United States Code 6503; 42 United States Code 11601 International Child Abduction Remedies Act 1988; 46 United States Code 58104; Hague Convention Act of 1994; Health Information and Technology for Economic & Clinic Health Act of 2009; Health Insurance Portability and Accountability Act of

1996; Privacy Act of 1974; Public Law 100-300.

(Doc. 8 at 5.)  However, Plaintiff does not sufficiently explain the applicability of these provisions to her Amended Complaint—nor could she—because the majority of these new provisions do not provide for a civil cause of action. Despite adding to the factual narrative, the allegations still fail to establish that this Court has subject matter jurisdiction.  Indeed, the additions to the factual narrative mainly consist of unintelligible *non-sequiturs* and a hodgepodge of vague and unconnected sentence fragments.  (*See id*. at 8.)  In essence, each of the allegations in the Amended Complaint remain nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678.

Furthermore, as the Middle District has previously noted:

> When someone chooses to file an action in court, they have an obligation to do so in good faith and for proper purposes. This is true for parties represented by lawyers as well as parties representing themselves. Unfortunately, parties occasionally attempt to weaponize the court system and use it as a tool to harass, embarrass, intimidate, retaliate and waste other people's time and resources. Others occasionally attempt to use the courts to vindicate personal grievances, real or imagined, with no connection to the parties they choose to sue. In those rare instances when parties attempt to use the court system for improper purposes, judges have a responsibility to stop it while at the same time always respecting the rights of parties to pursue legitimate claims.

*Ho v. Warren*, No. 8:21-cv-2621-TPB-CPT, 2021 WL 5494374, at *1 (M.D. Fla. Nov. 23, 2021).

7

Against this backdrop, the undersigned finds it necessary to acknowledge this Plaintiff's recent history with the Court.  Since January of 2023, Plaintiff has filed a plethora of lawsuits in the Middle District of Florida.[2]  Each of these cases in one way or another relate to a state court child custody proceeding.  Plaintiff has filed cases against agencies, lawyers, judges, and other individuals alike, arguing that they have contributed to an unfavorable disposition of the state court child custody proceeding.  Naturally, several of these cases have already been dismissed for failure to state a claim or lack of subject matter jurisdiction.  *See Mobley v. Reg'l Conflict Counsel*, Case No. 3:23-cv-111-HES-MCR, Doc. 12 (M.D. Fla. May 22, 2023) (adopting report and recommendation, denying motion to proceed *in*

---

[2] To date, Plaintiff has filed a total of 15 cases in the Jacksonville Division of the Middle District of Florida:
- Case No. 3:23-cv-111-HES-MCR (filed Jan. 31, 2023);
- Case No. 3:23-cv-112-HES-LLL (filed Jan. 31, 2023);
- Case No. 3:23-cv-113-HES-PDB (filed Jan. 31, 2023);
- Case No. 3:23-cv-114-BJD-JBT (filed Jan. 31, 2023);
- Case No. 3:23-cv-159-TJC-MCR (filed Feb. 14, 2023);
- Case No. 3:23-cv-160-TJC-JBT (filed Feb. 14, 2023);
- Case No. 3:23-cv-328-MMH-LLL (filed Mar. 21, 2023);
- Case No. 3:23-cv-378-BJD-JBT (filed Apr. 3, 2023);
- Case No. 3:23-cv-379-TJC-LLL (filed Apr. 3, 2023);
- Case No. 3:23-cv-513-MMH-LLL (filed May 2, 2023);
- Case No. 3:23-cv-514-BJD-LLL (filed May 2, 2023);
- Case No. 3:23-cv-516-MMH-MCR (filed May 2, 2023);
- Case No. 3:23-cv-517-MMH-PDB (filed May 2, 2023);
- Case No. 3:23-cv-518-TJC-LLL (filed May 2, 2023);and
- Case No. 3:23-cv-519-TJC-PDB (filed May 2, 2023).

*forma pauperis* and dismissing the case for lack of subject matter jurisdiction); *Mobley v. Cooper,* Case No. 3:23-cv-113-HES-PDB, Doc. 8 (M.D. Fla. March 24, 2023) (adopting report and recommendation and dismissing the case); *Mobley v. Jewish Family and Cmty. Servs.,* Case No. 3:23-cv-114-BJD-JBT, Doc. 20 (M.D. Fla. May 25, 2023) (same); *Mobley v. Florida Psychological Ass'n*, Case No. 3:23-cv-517-MMH-PDB, Doc 9 (M.D. Fla June 14, 2023) (overruling objections, adopting the report and recommendation, and dismissing the case for lack of subject matter jurisdiction).

Instead of adhering to the Court's orders and making the proper adjustments, Plaintiff has shown a propensity to disregard the Court's directives.  At this point, it is readily apparent that Plaintiff is attempting to use the Court for improper purposes.  Given Plaintiff's filing history and failure to comply with the Court's orders, the undersigned finds that Plaintiff lacks good faith and should be considered a vexatious pleader.  Moving forward, the undersigned proposes that continued behavior should result in sanctions.

Ultimately, the undersigned recommends that the Application be denied, and the Amended Complaint be dismissed for lack of subject matter jurisdiction.  As noted *supra*, Plaintiff was previously warned that failure to comply with the Court's June 8, 2023 Order "may result in a recommendation to the District Judge that this action be dismissed without further notice for

lack of subject matter jurisdiction, failure to state a claim on which relief may be granted, and/or lack of prosecution." (Doc. 6 at 10.)

Accordingly, it is respectfully **RECOMMENDED**:

1.     The Application (**Doc. 2**) be **DENIED**.

2.     The action be **DISMISSED** for lack of subject matter jurisdiction and failure to state a claim. *See* Fed.R.Civ.P. 12(h)(3); Fed.R.Civ.P. 12(b)(6).

3.     The Clerk of Court be directed to terminate any pending motions and close the file.

4.     In light of this recommendation, Plaintiff's Time-Sensitive Summons (**Doc. 5**.) is **DENIED as MOOT**.

**DONE AND ENTERED** at Jacksonville, Florida, on July 27, 2023.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Marcia Morales Howard
United States District Judge

*Pro Se* Plaintiff