UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

VICTORIA MOBLEY,

      Plaintiff,

v.                                       Case No. 3:23-cv-516-MMH-MCR

JEWISH FAMILY AND COMMUNITY
SERVICES, et al.,

      Defendants.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on the Report and Recommendation (Dkt. No. 9; Report), entered by the Honorable Monte C. Richardson, United States Magistrate Judge, on July 27, 2023. In the Report, Judge Richardson recommends that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Dkt. No. 2) be denied and this case be dismissed. See Report at 1, 10. On August 3, 2023, Mobley filed objections to the Report. See Plaintiff's Motion to Reject Magistrate Judge's Recommendation and Report (Dkt. No. 12; Objections). Thus, this matter is ripe for review.

-1-

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Pursuant to Rule 72, Federal Rules of Civil Procedure (Rule(s)), the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." See Rule 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal conclusions. See 11th Cir. R. 3-1.[1] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304-05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not.").

---

[1] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 1 n.1.

In the Objections, Mobley expresses her dissatisfaction with the Magistrate Judge and her disagreement with his recommended resolution of the Motion. See generally Objections. Mobley's disagreement appears to stem from a misunderstanding of the Magistrate Judge's Report. Mobley appears to believe that the Magistrate Judge recommended dismissal of this action because she did not timely file her Amended Complaint (Dkt. No. 8). See Objections ¶¶ 4-5. In a June 8, 2023 Order, the Magistrate Judge directed Mobley to file an amended complaint on or before June 28, 2023. See Order (Dkt. No. 6). Although the time stamp on Plaintiff's Amended Complaint reflects that it was filed at 11:34 a.m. on June 29, 2023, Mobley insists that she actually filed the document on June 28, 2023. See Objections ¶ 5. In Mobley's view someone must have falsified the time stamp causing it to appear as if she failed to meet the Court's deadline. See id. ¶ 6. What Mobley fails to understand is that the Magistrate Judge's recommendation of dismissal was not based on a failure to timely file the Amended Complaint. In recommending dismissal, the Magistrate Judge noted that Mobley "was previously warned that failure to comply with the Court's June 8, 2023 Order 'may result in a recommendation to the District Judge that this action be dismissed without further notice for lack of subject matter jurisdiction, failure to state a claim on which relief may be granted, and/or lack of prosecution.'" Report at 9-10. However, he did not recommend dismissal for failure to comply with the Order

because Mobley's Amended Complaint was filed after the June 28th deadline. Instead, the Magistrate Judge acknowledged the filing of the Amended Complaint and reviewed it to determine whether in filing the Amended Complaint Mobley complied with the Order by correcting the substantive deficiencies identified in the Order. See Report at 2, 6-10. In the end, the Magistrate Judge determined that Mobley had not corrected those deficiencies and that she failed to "adequately allege a basis for this Court's [subject matter] jurisdiction." Id. at 6. As such, he recommended dismissal of this action "for lack of subject matter jurisdiction and failure to state a claim." Id. at 10. Mobley fails to identify any factual or legal error of that determination by the Magistrate Judge. Thus, the Court will overrule the Objections and accept and adopt the legal and factual conclusions recommended by the Magistrate Judge.

In light of the foregoing, it is hereby

**ORDERED:**

1. The objections set forth in Plaintiff's Motion to Reject Magistrate Judge's Recommendation and Report (Dkt. No. 12) are **OVERRULED**.

2. The Magistrate Judge's Report and Recommendation (Dkt. No. 9) is **ADOPTED** as the opinion of the Court.

3. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) (Dkt. No. 2) is **DENIED**.

4. This case is **DISMISSED** for lack of subject matter jurisdiction and failure to state a claim.

5. The Clerk of Court is directed to enter judgment dismissing this case, terminate all pending motions and deadlines as moot, and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, this 14th day of September, 2023.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

ja

Copies to:

Counsel of Record
Pro Se Parties